UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

B. A. DRAUGHN,

        Plaintiff,

v.

FOUR COUNTY JUDGES
SALINE COUNTY COURT-HOUSE
SALINA, KS 67401,

        Defendants.

Civil No. 11-2942 (PJS/JJG)

**REPORT AND RECOMMENDATION**

This matter is before the undersigned United States Magistrate Judge on Plaintiff's application for leave to proceed in forma pauperis, ("IFP"). (Docket No. 2.) Plaintiff is seeking IFP status pursuant to 28 U.S.C. § 1915, so that he will not have to pay the filing fee and other costs associated with this action. The matter has been referred to this Court for report and recommendation under 28 U.S.C. § 636 and Local Rule 72.1. For the reasons discussed below, it is recommended that Plaintiff's IFP application be denied, and that this action be dismissed.

An IFP application will be denied, and the action will be dismissed, when the plaintiff has filed a complaint that fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii); Atkinson v. Bohn, 91 F.3d 1127, 1128 (8th Cir. 1996) (per curiam).

To state an actionable claim for relief, a complaint must allege a set of specific historical facts, which, if proven true, would entitle the complainant to some legal recourse against the named defendant(s), based on some cognizable legal theory. Although federal courts must "view pro se pleadings liberally, such pleadings may not

be merely conclusory: the complaint must allege facts, which if true, state a claim as a matter of law." Martin v. Aubuchon, 623 F.2d 1282, 1286 (8th Cir. 1980). The facts supporting a plaintiff's claims must be clearly alleged. Federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint." Stone v. Harry, 364 F.3d 912, 915 (8th Cir. 2004).

In this case, the substantive allegations set forth in the complaint, repeated verbatim and in their entirety, are as follows:

> "I WAS RIALROARDED [SIC] TO SERVE TIME FILL IN # 4
>
> THEY COULDN'T PROVE ME GUILTY OF A CRIME SO THEY COMMITTED ME TO INSITUTIONS [SIC]."

(Complaint, pp. 3-4, § 7.)

Plaintiff's complaint does not describe any grounds for federal subject matter jurisdiction, and it does not describe any cognizable legal theory that could support any actionable claim against the named Defendants – four unidentified county judges in Saline County, Kansas. Based only on the two oblique sentences quoted above, Plaintiff is seeking a judgment against Defendants in the amount of $45 million. The "Request for Relief" section of Plaintiff's complaint also states, "I wont [sic] the court to review the records to prove I was not guilty." (Id., p. 4, "REQUEST FOR RELIEF.")

A complaint fails to state a cause of action if it does not allege "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). Plaintiff's current complaint does not meet this standard. Even with the liberal construction that is required in pro se cases, (Atkinson, 91 F.3d at 1129, citing Haines v. Kerner, 404 U.S. 519, 520-21 (1972) (per curiam)), Plaintiff's current

2

complaint clearly fails to state any actionable claim for relief.[1]

Because Plaintiff's complaint does not set forth sufficient allegations to state a cause of action on which relief can be granted, his IFP application must be denied, and this case must be summarily dismissed, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

## RECOMMENDATION

Based upon the foregoing and all of the files, records and proceedings herein,

**IT IS HEREBY RECOMMENDED** that:

1. Plaintiff's application for leave to proceed in forma pauperis, (Docket No. 2), be **DENIED**; and

2. This action be summarily **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

Dated: October 12, 2011         s/ *Jeanne J. Graham*
                                JEANNE J. GRAHAM
                                United States Magistrate Judge

## NOTICE

Pursuant to District of Minnesota Local Rule 72.2(b), any party may object to this Report and Recommendation by filing and serving specific, written objections by **October 27, 2011**. A party may respond to the objections within fourteen days after service thereof. Any objections or responses shall not exceed 3,500 words. The District Judge will make a de novo determination of those portions of the Report and Recommendation to which objection is made.

---

[1] In addition, it appears that the intended Defendants in this case probably would be immune from whatever claims Plaintiff might be attempting to bring against them, under the doctrine of judicial immunity. See Stump v. Sparkman, 435 U.S. 349, 355-57 (1978).